RECEIVED BY MAIL
JUN 29 2022
CLERK, U.S. DISTRICT COURT
DULUTH MINNESOTA

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Okwuchukwu E. JidDefor Plaintiff(s),

vs.

City of minneapolis Police Department (City of minneapolis) et al its Officers, Officer Kehung Anderson Official Capacity and John DOC Officers # 1-30 Freedom Specialty Insurance Company et al

Defendant(s).

Case No. 22-cv-1686 KMM/TNL
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
YES [X]   NO [ ]

(Enter the full name(s) of ALL defendants in this lawsuit. Please attach additional sheets if necessary).

## COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   Name: Okwuchukwu E. Jideofor

   Street Address: 13880 Business Center Dr. NW

   County, City: Sherburne County, Elk River

   State & Zip Code: MN 55330

   Telephone Number:

SCANNED
JUN 29 2022
U.S. DISTRICT COURT DULUTH

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

   a. Defendant No. 1

      Name: City (City of Minneapolis) et al OF Minneapolis Department

      Street Address: 350 South 5th St

      County, City: Hennepin Minneapolis

      State & Zip Code: MN 55415

   b. Defendant No. 2

      Name: Kehung Anderson

      Street Address: 19 N 4th St

      County, City: Hennepin Minneapolis

      State & Zip Code: MN 55401

   c. Defendant No. 3

      Name: Freedom Specialty Insurance Company et al

      Street Address: 33 South Sixth Street Suite 440

      County, City: Hennepin County Minneapolis

      State & Zip Code: MN 55402

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
Check here if additional sheets of paper are attached: ☒
Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.d., 2.e., etc.)

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

    ☐ Federal Question      ☒ Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.



5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

    Plaintiff Name: Okwuchukwu J. deofor    State of Citizenship: Minnesota

    Defendant No. 1: City of Minneapolis Police Department el al;    State of Citizenship: Minnesota

    Defendant No. 2: Freedom Specialty Insurance Company el al    State of Citizenship: Minnesota

    **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
    **Check here if additional sheets of paper are attached.** ☒

6. What is the basis for venue in the District of Minnesota? *(check all that apply)*

    ☒ Defendant(s) reside in Minnesota    ☒ Facts alleged below primarily occurred in Minnesota

    ☐ Other: explain

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered

3

## STATMENT OF THE CLAIM

(1) At all relevant times and events described herein, the Defendant(s) have violated the Plaintiff's right under the FEDERAL LAW, THE UNITED STATES CONSTITUTION and the MINNESOTA CONSTITITION and should be held liable.

(2) On or about March 02, 2017 Defendant FREEDOM SPECIALTY INSURANCE COMPANY submitted knowingly false material, Declaration and False Testimony, False Statements made False Claims in Declarations Filed in Court.

(3) CITY of MINNEAPOLIS POLICE DEPARTMENT sued for the practices, acts, and omissions of it's employee officer KEHEUNG ANDERSON of the MINNEAPOLIS POLICE DEPARTMENT.

(4) Plaintiff's alleged that all of the false statement by the Defendant OFFICER KEHUNG ANDERSON, taken January 26, 2017 were made with disregard as to whether the statements were true or false or with knowledge as to their Falsity the statements were made willfully wanton reckless or maliciously the Statements were made in Bad Faith to intentionally inflict emotional distress and as a result Plaintiff was financially harmed.

(5) Defendant FREEDOM SPECIALTY INSURANCE COMPANY, alleging inequitable conduct based on the submission of a False Affidavit or Declaration known by the Affidavit at the time of the Filing to be False. Intended to deceive the Plaintiff's Representation, False Statements in a document Filed with the Courts. False Statements of Fact or Misstatements of the law include: Papers filed by Counsel.

(6) On or about December 18, 2020, Plaintiff OKWUCHUKWU E. JIDOEFOR wrote a to request a Material Disclosure letter to his previous counsel "TAFT STETTINIUS & HOLLISTER LLP" and BRIGGS and MORGAN, P,A whom represented Plaintiff in a previous action against Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY,. This December 2020 correspondence was a full disclosure request of all materials the Attorney had regarding the action referenced to herein.



(7) Upon receiving the materials stated in paragraph (6), Plaintiff noticed numerous documents that had been redacted and blacked out, so that the information was concealed.

(8) As to claim in paragraph (7), Plaintiff was told by his Counsel TAFT STETTINIUS & HOLLISTER LLP, that the information and documents were redacted by the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY.

(9) Plaintiff also learned from material disclosure that Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, had made claim, which the Plaintiff relied upon, the Defendants(s) FREEDOM SPECIALTY INSURANCE COMPANY, had either received records or already had records in its possession which allegedly included Plaintiff OKWUCHUKWU E. JIDOEFOR's recorded calls from SHERBURNE COUNTY JAIL during the period of November 04, 2015 through roughly December 04, 2015.

(10)    On or about December 20, 2021 Plaintiff requested Data Disclosure from SHERBURNE COUNTY SHERIFF's OFFICE a formal request for any and ALL data and information not limited to: Confidential Data on the Person/Individual, FOIA/PRIVACY ACT pertaining to MGPDA the alleged records that Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, claimed to have received from SHERBURNE COUNTY SHERIFF'S OFFICE in regards to Plaintiff and the alleged phone records.

(11)    Plaintiff received a response from SHERBURNE COUNTY SHERIFF's OFFICE in regards to the request mentioned in Paragraph (10) The response from SHERBURNE COUNTY indicated that there was no records available in regards to the request date range.

(12)    Plaintiff discovered that the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, fraudulently misrepresented information to Plaintiff and Plaintiff's previous Counsel TAFT STETTINIUS & HOLLISTER LLP, when Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, claimed it had records available from SHERBURNE COUNTY SHERIFF'S OFFICE.

(13)    Plaintiff avers that based upon information and belief, Defendant(s), made false representations of a past or existing material fact susceptible of knowledge when the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, claimed they had records from SHERBURNE COUNTY SHERIFF'S OFFICE pertinent to Plaintiff, but they did not.

(14)    Plaintiff avers that upon information and belief, Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, with the intention to induce Plaintiff to act in reliance on the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY false statements thereon indicated in Paragraphs through (13).

(15)    Plaintiff also discovered in the release of information by his formal Council TAFT STETTINIUS & HOLLISTER LLP that Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, claimed in the January 26, 2017 proceedings, the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, had records and deposition from an officer KEHUNG ANDERSON

(16)    Plaintiff has recently discovered that in a Affidavit of Service by Plaintiff's Counsel BRIGGS & MORGAN, P.A. Dated January 16, 2017, it appears that Plaintiff's previous Counsel in case 16-CV-1109 served a "Notice of Taking Deposition Duces Tecum of Officer KEN ANDERSON" upon an individual Officer KEN ANDERSON. This deposition was to take place on or about January 26, 2017. Furthermore Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, Counsel MEAGHER & GREER PLLP in case 16-CV-1009 on January 16, 2017, also served notice on a "KEN ANDERSON" for the taking of deposition.

(17)    As to the Claim in Paragraph (16), Plaintiff has recently discovered that the individual who was actually deposed on January 26, 2017 as listed above, was not a "ken Anderson" but appears to be a Officer KEHEUNG ANDERSON. KEN ANDERSON, does not appear to have anything to do with the case. KEN ANDERSON was never deposed.

(18)    As to the Claim in paragraphs (16) & (17), Plaintiff avers upon information and belief, that Officer KEHEUNG ANDERSON in his deposition claimed to he claimed he was the officer whom took the call.

(19)  On or about 2021 Plaintiff sent "FOIA PRIVACY ACT & MGDPA, any/and all databases withing your data -REQUEST" any and all data (i.e. databases including but not limited to: public, confidential, government, not public, private, protected non public, databases and the like.) 911 call and logging and audio transcript, publications, transcripts, chronicles, manifestos, newspapers, indices, recording, citations, reports, statements, and/or records of any type whatsoever, past or present you possess including but not limited to recordings memorandums, writings, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event and whatever other information you posses, regarding myself OKWUCHUKWU E. JIDOEFOR &  from  the address of 2638 WEST BROADWAY AVENUE for t.  MINNEAPOLIS, MN. None of those reports mention OFFICER KEHUNG ANDERSON, or his Badge # or Car # reporting to the mentioned address.

(20)  Upon information and belief, Plaintiff avers that the claims in Paragraph (19) made by Officer KEHEUNG ANDERSON were materially false and fraudulent, as Officer KEHEUNG ANDERSON was not the officer who responded to the call and no evidence shows that he was there.

(21)  Plaintiff avers that the deposition referenced in Paragraphs (19) & (20), were missing critical information and were clearly removed from the deposition records, namely, pages 18 through 21 were missing from the deposition of Officer KEHEUNG ANDERSON, upon information and belief it appears as though the critical information that is missing involved materially false statements that Officer KEHEUNG ANDERSON provide under oath in his deposition and police reports.

(22)  Upon information and belief, Plaintiff avers that the claims in Paragraph (21), the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, or it's Counsel have intentionally removed the portions of the deposition transcript from the records and evidence in an attempt to conceal the material therein.

(23)  On or about February 27, 2017 Declaration of BRIAN FLOREK stated that he was employed by CHARITY TOWING LLC, as a tow truck driver. Declaration of DANIEL ROFFE also signed on February 27, 2017.

(24)    Upon information and belief, The Declaration of BRIAN FLOREK which states he was an employee of CHARITY TOWING LLC, did not follow the MINNESOTA Requirement Rules, or County Requirements. The Defendant(s) CHARITY TOWING LLC , had a Drivers License  that was revoked in MINNESOTA for the Tow Truck Business. There is a wide range of complaints in the CITY OF MINNEAPLIS & CITY OF ELK RIVER, This is a crime and the Court must hear my Complaint.

(25)    On or about February 2022 JAMES ROFFE which resides in MILACA, MN denied to his attorney any allegations of his company CHARITY TOWING LLC, having any and all involvement and authorizations in the allegations of which the Declaration states.

(26)    On or about February 2022 SCRAP METAL PROCESSORS in NEW HOPE, MN Denied knowing BRIAN FLOREK and any and all involvement in the Declaration of BRIAN FLOREK in a statement to his Counsel.

(27)    On or about February 27, 2017 in the Defalcation of BRIAN FLOREK, CALVIN KEITH COUSINS, he denied of ever meeting or knowing BRIAN FLOREK also denied singing a "BILL OF SALE" filed in the courts on March 02, 2017.

(28)    On or about March 02, 2017 some of the "BILL OF SALES" mentioned in Paragraph (27) did not contain the required information to be valid as pursuant Minn. Stat. Ch.  168A.1501, and   168A.153 and other State law under 168A et. Seq. "BILL OF SALES" did not have Sellers name as well as Owner information or year of vehicle. Based on BRIAN FLOREK Declaration failed or willfully neglected to obtain VIN #'s, Sellers Name, Address, Drivers License #.

**(29)    Scrap Metal Dealers Facilities are mandated by the STATE & FEDERAL GOVERNMENT. to track any and all sales in a similar database used by pawnshops this is information that scrap metal dealers are supposed to be collecting searchable anywhere in the State, mandates scrap metal dealers to prominently display a sign notifying Patrons that all transactions involving the devices to report and maintain, that are reported to the State Department of Public Safety and are made available to Law Enforcement State wide. SCRAP METAL PROCESSORS Denied BRIAN FLOREK's Declaration in Paragraph (30) any reports into there system.**

(30)    **STATE OF MINNESOTA MOTOR VEHICLE DIVISION requires ALL scrap metal dealers to notify all sales and keep record of all sales and VIN #s and dates, and Location of the sale. Photographs are required of the front and back of their ID Card and License, they did not follow the rules and they continued to cover it up. There are many complaints of such matters and stolen items on these individuals. None of the required records were kept.**

(31)    Plaintiff avers Declaration of BRIAN FLOREK, that Plaintiff's previous Counsel in Case 16-CV-1109, informed Plaintiff on or about October 26, 2021 that the deposition transcripts provided to Plaintiff of Officer KEHEUNG ANDERSON are full and complete materials in possession of Plaintiff's Counsel and that no other deposition transcripts are available, which makes the deposition transcripts of KEHUNG ANDERSON incomplete and missing information which were provided by Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, to Plaintiff.

(32)    Plaintiff avers that upon information and belief, Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, and their Counsel, in the March 02, 2017 proceedings had submitted false documents to the courts and the Plaintiff, namely the "Bill of Sale" documents purportedly issued by CHARITY TOWING LLC, in support of Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, potion in case 16-CV-1109.

(33)    On or about March 02, 2017, as to the claims in Paragraph (32), upon information and belief, the "Bill of Sale" documents do not comply with STATE & FEDERAL LAW, and Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, should have been aware of this information prior to submitting the bogus documents.

(34)    New evidence discovered by Due Diligence, Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, used a special skill in a manner that significantly changed things. The Plaintiff would have never discovered at the earliest stage. The Plaintiff obtained information about intentional act under the FREEDOM of INFORMATION and Privacy Act.

(35)     Plaintiff avers that none of the newly discovered evidence listed herein was discover-able by the Plaintiff until recently because Plaintiff's attorney in case 16-CV-1109, did not have the pertinent material at the time the case was disposed of, Plaintiff further avers that Plaintiff relied upon his attorney in case 16-CV-1109 and further Plaintiff has relied upon the documents and other material that Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, has submitted and has now been discovered fraudulent.

(36)     As to the claim in Paragraph (35), Plaintiff relied upon the fraudulent statements and misrepresentations of Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY , when disposing of case 16-CV-1109, Plaintiff avers that the false and fraudulent representations by Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, and their counsel, caused the Plaintiff to act in reliance thereon when agreeing to dispose of the case 16-CV-1109.

(37)     Plaintiff avers that he has suffered and still does suffer substantial pecuniary damages as a result of the reliance upon the Fraudulent misrepresentation by the Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY, Plaintiff would not have agreed to dispose of the Case.

(38)     Plaintiff was supplied with material on or about February 23, 2021 by his previous Counsel, within this material Plaintiff discovered a Declaration of TAKISHA JACKSON, which purportedly was signed by TAKISHA herself on February 21, 2017. Upon further investigation, Plaintiff discovered that the Signature recorded on the purported Declaration submitted by Defendant(S) FREEDOM SPECIALTY INSURANCE COMPANY ,was "Fraudulent". Plaintiff discovered that TAKISHA JACKSON in fact never signed the Declaration and knew nothing of the Signature let alone actual Declaration. The signature on the Declaration appears to be "typed" using a Word Processor program.

(39)     On April 3, 2017 Defendant(s) FREEDOM SPECIALTY INSURANCE COMPANY sent a letter to TAKIHA JACKSON promising a title for a  2003 FORD TAURUS that belonged to the Plaintiff and was not aware of and not authorize.

separately, beginning with number 7. Please write each single set of circumstances in a separately numbered paragraph.

7. Plaintiff bring this action under (A) Defamation, False affidavit, False statement and Fraudulent invoice (B) Tortuous interference (C) Negligent infliction of emotional (D) Conspiracy (E) Equal Protection (F) Minnesota Government Data Practices Act (MGDPA) acting under the color of Federal Law, of Plaintiffs constitutional rights.

8. Plaintiff brings this action for compensatory, nominal, punitive and/or special damages declaratory, injunctive and any other equitable relief as the Court may see just.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☒
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

1. Issues a declaratory judgement that the policies, practices acts, omissions, Omissions, negligent and intentional wrongful act of the Defendant(s) committed withing the scope of their employees, official capacities responsible for the injuries complained of herein that the Plaintiff sustained as a proximate result of the direct result of the practices action intentional wrongful acts and direct

2. For the injuries to Plaintiff award damages against the Defendant(s) in the amount of $725,000 or in an amount the court deems just and fair and may be proven at trial.

Signed this 24 day of June 2022

Signature of Plaintiff _____

Mailing Address 13880 Business Center Drive N-W
Elk River, MN 55330

Telephone Number

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

## RELIEF REQUESTED

3. For the injuries to Plaintiff, award special damages against the Defendant(s) in the amount of $125,000 or that the court deems just and fair and may be proven at trial.

4. Award Plaintiff reasonable attorney fees and cost of this action, under 42 U.S.C § 1988

5. For injuries to Plaintiff, order defendant(s) to pay commercial Tort Liability and damages to Plaintiff as incorporated in 2 and 3 or as court deems equitable and just

6. Declare that the policies, practices, act, and omissions complained of herein denied plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

7. Grant Plaintiff's request for a money judgment in an amount to be determined at trial.

8. As a direct and proximate result of the acts and omissions described herein, Plaintiff suffered compensatory and special damages as defined under Federal common laws and in an amount to be determined by a jury.