UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Okwuchukwu E. Jidoefor, | No. 22-cv-1686 (KMM/TNL) |
| Plaintiff, | |
| v. | |
| City of Minneapolis Police Department; The 3rd Precinct, and its Officers; Kehung Anderson; John Does Officers #1–10; and Freedom Specialty Insurance Company; | **ORDER** |
| Defendants. | |

Plaintiff Okwuchukwu E. Jidoefor commenced this action on June 29, 2022 by filing a complaint and an application to proceed without paying fees or costs, also known as an application to proceed *in forma pauperis* ("IFP Application"). On October 11, 2022, United States Magistrate Judge Tony N. Leung recommended dismissing the Complaint's federal claims for failure to state a claim, dismissing the state claims for lack of jurisdiction, and denying the IFP application as moot. Mr. Jidoefor timely objected to that report and recommendation ("R&R"). [ECF No. 14.] Having reviewed the R&R, the objections, and the entire case file, the Court overrules Mr. Jidoefor's objections, accepts the R&R, denies the IFP application, and dismisses the action.

I.  **BACKGROUND**

The R&R thoroughly and accurately discusses the factual history of this proceeding and its predecessor. The Court adopts the R&R's proposed findings and summarizes them here to provide relevant context for the discussion of Mr. Jidoefor's objections.

This case is the sequel to an earlier lawsuit between Mr. Jidoefor and Defendant Freedom Specialty Insurance Company ("FSIC"). Jidoefor sued FSIC in 2016 for allegedly breaching an insurance policy that Jidoefor claimed applied to the theft of 39 vehicles from his business. *Jidoefor v. Freedom Specialty Insurance Co.*, No. 16-CV-1109 (PAM/FLN) (D. Minn. Apr. 27, 2016). FSIC counterclaimed that Jidoefor had, in fact, allegedly sold the vehicles but never transferred the titles and was thus directing an insurance fraud scheme. [R&R at 2.] During the pretrial phase of that lawsuit, FSIC sought Jidoefor's jail calls to prove its counterclaim. [*Id.* at 2–3.]

Before the motion seeking the jail calls could be fully litigated, both parties agreed to a stipulated dismissal. The stipulation dismissed the case on the merits and specified that there was no admission of guilt or liability. [*Id.* at 4.] Judge Paul Magnuson dismissed the case with prejudice as stipulated. [*Id.*]

However, four years after that first case was dismissed, Mr. Jidoefor appealed to the Eighth Circuit. [*Id.*] That appeal was dismissed for lack of jurisdiction. *Jidoefor v. Freedom Specialty Ins. Co.*, No. 21-2331 (8th Cir. filed June 16, 2021). After the appeal was dismissed, Mr. Jidoefor attempted to relitigate the insurance dispute with FSIC in state court, but those cases were removed to federal court and dismissed based on *res judicata*.

*See Jidoefor v. Freedom Specialty Ins. Co.*, No. 21-CV-01609 (ECT/ECW), 2021 WL 6052517 (D. Minn. Dec. 21, 2021).

This litigation is another offshoot of the previous FSIC litigation. In his Amended Complaint, Mr. Jidoefor brings his claims against the City of Minneapolis Police Department, the Minneapolis Police Department's Third Precinct and the officers stationed there, Kehung Anderson, a group of unnamed "John Doe" police officers, and FSIC. [Am. Compl. 1, ECF No. 8.] Mr. Jidoefor asserts that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the dispute involves a federal question.[1] [*Id.* at 2.] Jidoefor alleges principally that FSIC knowingly filed false information in support of its motion seeking his jail calls, then lied to him and his attorneys about the information in FSIC's possession to pressure Jidoefor to agree to the stipulated dismissal in the 2016–17 case. [*Id.*] Mr. Jidoefor also makes several ancillary claims supporting this main claim, including violations of federal laws, constitutional provisions, and state-law claims. [*Id.*]

### A. The R&R

Reviewing the pleadings pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), the R&R concluded that none of Mr. Jidoefor's federal claims plausibly stated a claim for relief and should be dismissed. As a result, the R&R further

---

[1] The original complaint also invoked diversity jurisdiction under 28 U.S.C. § 1332, but Mr. Jidoefor abandoned that avenue when the Court advised him that diversity jurisdiction almost certainly would not apply due to incomplete diversity. [R&R at 5.]This is relevant because Mr. Jidoefor now raises diversity jurisdiction in one of his objections to the R&R.

recommended that the Court should be dismissed for lack of jurisdiction and the IFP application should be denied as moot.

The R&R first construed Mr. Jidoefor's reference to "Federal Liability Tort Claim" as having asserted claims under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671–80. The R&R found none of the defendants are federal employees, and therefore, the FTCA does not apply. *See Christpherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (holding plaintiffs failed to state a claim under the FTCA because they did not allege that defendants were employed by the federal government).

The R&R next turned to Jidoefor's invocation of 42 U.S.C. § 1983, and observed that § 1983 does not provide a substantive cause of action on its own but provides a vehicle to bring claims under distinct federal constitutional provisions. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). With respect to Mr. Jidoefor's equal-protection claim, the R&R noted that a plaintiff must allege that they have been arbitrarily classified into members of an identifiable group, and then been treated unequally on the basis of that classification. *See Engquist v. Ore. Dep't of Agr.*, 553 U.S. 591, 601 (2008). Alternatively, plaintiffs may allege they were classified into "class of one" where they were irrationally singled out individually, even from those who are similarly situated. *See Higgins Elec., Inc. v. O'Fallon Fire Prot. Dist.*, 813 F.3d 1124, 1129 (8th Cir. 2016). The R&R concluded that Mr. Jidoefor failed to raise either type of equal-protection argument since he does not allege that anyone classified him into a group, nor that he was singled out from similarly situated individuals. And last, the R&R recommended dismissal of Mr. Jidoefor's Eighth Amendment claim because its provisions do not apply to this case.

Having concluded that the Amended Complaint asserts no plausible claims arising under federal law, the R&R observed that the pleading contains references to quintessential state-law claims such as fraud, tortious interference, and breach of contract. Because the federal claims were found deficient, and there was no independent basis for jurisdiction over those state claims, the R&R recommends declining to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a). Consequently, the R&R recommended dismissal of these state claims without prejudice.

## B. Mr. Jidoefor's Objections

Much of the substance in Mr. Jidoefor's objections to the R&R appears to restate allegations from the Amended Complaint. Other statements reference the Federal Rules of Evidence (mostly the rules concerning hearsay) and purport to "put Defendant to proof." For reasons discussed below, these are not proper bases for objections to the R&R.

The Court construes the remainder of Mr. Jidoefor's objections as raising three challenges to Magistrate Judge Leung's analysis in the R&R. First, he argues that the R&R mishandled the Equal Protection claim and asserts that he was discriminated against on the basis of his alienage. Second, he raises an argument that his § 1983 claim is adequately pled because officer Anderson and other police officers acted under color of law to deprive Jidoefor of his rights. And third, he contends that the state-law claims would be supported by diversity jurisdiction even in the absence of any federal question.[2]

---

[2] Although these objections are spread across multiple documents, this Court will consider them all because trouble with the mail may have prevented Mr. Jidoefor from filing all objections together.

## II.   DISCUSSION

### A.  Legal Standard

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Additionally, a "party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Roberts v. Apfel,* 222 F.3d 466, 470 (8th Cir. 2000)). Because Mr. Jidoefor is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying these standards, the Court finds no error with the R&R's findings and conclusions.

### B.  Restated Allegations and Rules of Evidence

Mr. Jidoefor's objections invoking the Federal Rules of Evidence do not apply here because pleadings requirements are more favorable to plaintiffs than evidentiary standards. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (distinguishing the evidentiary standard for a prima facie case of employment discrimination from pleading requirements). Both the Magistrate Judge and this Court have read all Mr. Jidoefor's

allegations as true and taken reasonable inferences in his favor. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). (discussing dismissal standard).

Objections, even when liberally construed for pro se litigants, must direct the district court to alleged errors. The Eighth Circuit has identified (1) reciting portions of the R&R to which the objection is made, and (2) setting out correct facts and rulings by referencing appropriate transcripts as a sufficient basis for pro se objections. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). The portions of Mr. Jidoefor's objections that restate allegations from the Amended Complaint do not meet this liberal standard and do not provide a basis for overruling any aspect of the R&R.

### C. Equal Protection

Mr. Jidoefor objects to the R&R's recommendation that his equal protection claim be dismissed, arguing that he has adequately alleged discrimination on the basis of alienage. The R&R does not mention Mr. Jidoefor's alienage in its equal protection analysis.[3] But the R&R properly concluded that the Amended Complaint failed to allege sufficient facts to plausibly state a claim that his right to equal protection was violated, and Mr. Jidoefor's objections regarding his alienage do not change that.

To properly state a claim, a complaint must contain enough facts to make the claim plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Those facts must be sufficient to raise the right to relief "above the speculative level." *Id.* at 555. Further, the

---

[3] The R&R says only that "nothing in the Amended Complaint alleges that someone has classified him as part of a relevant identifiable group, or that such a classification has led to unequal treatment." [R&R at 10.]

Court is not bound to accept mere conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under these standards, Mr. Jidoefor must allege facts plausibly showing that he was discriminated against based on his alienage, not just state the conclusion that he was.

Mr. Jidoefor's pleading does not allege facts to raise his equal protection claim above a speculative level. He does not allege how he was treated differently from other individuals who are members of a different group, nor how that disparate treatment was based on his alienage status. *See, e.g.*, *Pittman v. Jesson*, No. 12-cv-1410 (SRN/TNL), 2014 WL 4954286, at *12 (D. Minn. Sept. 30, 2014) (noting that a plaintiff asserting an equal protection claim must allege that "as a member of a protected class, he was treated differently from similarly situated persons of a different group"). Mr. Jidoefor also does not allege facts showing that the conduct of any defendant had a discriminatory effect and purpose. *Id.* All Mr. Jidoefor does is state the legal conclusion that he was the target of discrimination on the basis of alienage.

For these reasons, the Court overrules Mr. Jidoefor's objection to the R&R's conclusion regarding his equal-protection claim.

### D. Under Color of Law

Mr. Jidoefor's objections also contend that Officer Anderson and the John Doe officers acted under color of law to deprive Jidoefor of his rights, so his § 1983 claims should not have been dismissed. Every § 1983 claim must meet two elements: (1) the violation of a legal or constitutional right by (2) a person acting under color of state law. *Yassin v. Weyker*, 39 F.4th 1086, 1089 (8th Cir. 2022).

As an initial matter, Mr. Jidoefor's objections say officers acted under "federal law" and claim the officers are federal employees. [ECF No. 19 at 8.] However, the reasonable inference to be drawn from the facts alleged in the pleading is that Officer Anderson and all officers of the Minneapolis Police Department are state, rather than federal officials. *See generally* Minn. Stat. § 626.84. This Court will liberally construe Mr. Jidoefor's objections and analyze the issue for action under the color of state law.

Mr. Jidoefor's references to the officers' alleged actions under color of law do not demonstrate that the R&R's conclusion regarding the § 1983 claims are in error, however, because the Amended Complaint did not identify any conduct by any of the John Doe defendants or by Officer Anderson that plausibly amounted to a violation of a right secured by a federal statute or the Constitution. The Amended Complaint never mentions the ten John Doe officers, and his objection contains only a single vague and conclusory reference to them.

Although the Amended Complaint included greater detail regarding Officer Anderson's conduct, even accepting all of the facts alleged as true, Mr. Jidoefor does not state facts showing a violation of his rights. Specifically, Mr. Jidoefor does not allege any facts that support how Officer Anderson's alleged abuse of his position as a police officer directly violated any of Jidoefor's rights. For example, there is no allegation Officer Anderson unlawfully arrested or searched Jidoefor, or used excessive force against him. The only alleged interaction between the two was through Officer Anderson's deposition in the 2016–17 civil suit when Officer Anderson allegedly testified untruthfully that he was responsible for the investigation concerning the alleged theft of Mr. Jidoefor's vehicles.

But these allegations do not undermine the correctness of the R&R's conclusions regarding the equal protection claim or the Eighth Amendment claim.

### E. Diversity Jurisdiction

Finally, Mr. Jidoefor raises diversity jurisdiction as an alternative source of jurisdiction, despite Judge Leung's admonition earlier in the litigation that relying on diversity jurisdiction was "almost certainly incorrect." [R&R at 5.] Federal law provides that district courts have original jurisdiction over civil actions between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity," meaning that no defendant and no plaintiff have citizenship in the same state. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619–20 (8th Cir. 2010). The party seeking the federal forum has the burden of pleading the diversity of the parties. *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997).

The Amended Complaint states that Mr. Jidoefor is a resident and citizen of Minnesota. This means he must plead facts showing none of the defendants are Minnesota citizens, but he pled the opposite, listing both Officer Anderson and the John Doe Officers as fellow Minnesota citizens. Additionally, the complaint notes the Minneapolis Police Department is a governmental entity of Minnesota, the same state as Jidoefor's citizenship. Accordingly, the R&R did not err in concluding that in the absence of any federal question or other independent basis for jurisdiction over the state law claims, the Court was justified declining to exercise supplemental jurisdiction over those state claims.

### III.  ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Mr. Jidoefor's Objections to the Report and Recommendation are **OVERRULED;**

2. The Magistrate Judge's Report and Recommendation is **ACCEPTED**;

3. The application to proceed *in forma pauperis* is **DENIED** as moot;

4. Mr. Jidoefor shall pay the unpaid balance, $257.94, of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where Mr. Jidoefor is confined; and

5. This matter is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be Entered Accordingly**.

Date: April 7, 2023

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge